33 F.3d 63
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Patrick TRUJILLO, Defendant-Appellant.
 No. 93-2121.
 United States Court of Appeals, Tenth Circuit.
 April 12, 1994.
 
 1
 Before EBEL and MCKAY, Circuit Judges, and VAN BEBBER, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 VAN BEBBER, District Judge.
 
 
 4
 Defendant Robert Patrick Trujillo was found guilty by a jury of the offense of sexual abuse of a minor on January 14, 1993. Pursuant to the jury's finding of guilt, Mr. Trujillo was sentenced to a term of twenty-one months. The judgment in this criminal case was docketed on April 13, 1993, and a notice of appeal was timely filed. Mr. Trujillo appeals his conviction and raises two issues on appeal: First, whether there was sufficient evidence to convict defendant of the charge of criminal sexual abuse of a minor, and second, whether the trial court properly instructed the jury on the specific intent required for a conviction of sexual abuse of a minor under 18 U.S.C. Sec. 2243(a) and 2245(2)(C). We find no error, and affirm.
 
 
 5
 The events giving rise to this case are as follows. On November 7, 1991, Verna Mae S., a developmentally disabled 14-year-old girl appeared withdrawn to her teacher, Maria Vilches-Ruiz. Ms. Vilches-Ruiz asked Verna Mae what was wrong, and after initially stating "nothing," she admitted that something was wrong. As a result of the conversation, Ms. Vilches-Ruiz notified the school principal, who contacted the Acoma-Laguna Hospital and the victim was taken there for physical examination. On November 6, 1991, the day prior, the victim had been alone with Mr. Trujillo.
 
 
 6
 At the hospital, the victim was examined by Dr. Kimberly Kylstra. The victim was crying and extremely upset. Before examining her, Dr. Kylstra attempted to elicit information from the victim regarding possible sexual abuse. The victim reported that someone, whom she referred to as "uncle," had touched her "bottom" and laid on top of her. The victim was not able to give any detail regarding what had occurred.
 
 
 7
 Dr. Kylstra examined the victim, including her genitals. During the examination, she looked for indicia of trauma to the genital area such as abrasions, cuts, tears, bleeding or discharge. Dr. Kylstra noted several abnormalities. The victim's posterior fourchette and hymenal tissue were red and irritated. She noticed an abrasion on the left medial perineum.[1] In response to questions by Dr. Kylstra during the examination, the victim denied that Mr. Trujillo had touched her mouth, vagina, or anus with his penis. Dr. Kylstra used leading questions to elicit the information from the victim.
 
 
 8
 On November 8, 1991, two days after the alleged incident occurred, Thomas Garcia, a criminal investigator with the Bureau of Indian Affairs, contacted Mr. Trujillo to obtain his version of the incident. After initially denying that he had sexually abused the victim, Mr. Trujillo executed an advice of rights form provided by Mr. Garcia and asked what the penalty was for the charge of sexual abuse or improper touching. Mr. Trujillo began talking about himself and, after making several denials, he admitted that he did what the victim had described. He completed a written statement in which he admitted laying on top of the victim and putting his hand inside of her pants.
 
 
 9
 In his first issue on appeal, Mr. Trujillo contends that there was insufficient evidence to convict him of the crime of sexual abuse of a minor in violation of 18 U.S.C. Secs. 2243(a) and 2245(2)(C). Specifically, he alleges that the evidence does not establish that he penetrated the victim's genital opening, or that he acted with the specific intent to abuse, humiliate, harass or degrade the victim, or to arouse or gratify his sexual desire. He apparently concedes, however, that the evidence arguably supports a conviction for the lesser included offense of criminal sexual conduct.
 
 
 10
 In reviewing the sufficiency of the evidence to support a guilty verdict, this court must look at the evidence in the light most favorable to the government and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The crime of which defendant in the present case was convicted is defined at 18 U.S.C. Sec. 2245(2)(C) as:
 
 
 11
 The penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person ...
 
 
 12
 Thus, evidence of some penetration is required for conviction, as well as some evidence from which a jury could find the requisite intent.
 
 
 13
 Mr. Trujillo argues that neither the victim's testimony nor Dr. Kylstra's testimony supports the conclusion that there was actual penetration of the genital area. Moreover, Mr. Trujillo argues that in his own statement he only admits to doing what the victim accused him of doing. The government urges that when the record is viewed in the light most favorable to the government, there is clear evidence that digital penetration occurred. Specifically, the government points to the testimony of Dr. Kylstra concerning irritation and abrasions within the victim's genital opening.
 
 
 14
 Upon review of the record, we find that there is evidence from which a rational trier of fact could have found that digital penetration of the victim's genital opening occurred. Specifically, Dr. Kylstra testified that during her examination of the victim she noted erythematous, or red and irritated tissue in the area of the posterior fourchette and the hymenal tissue surrounding the victim's vagina. These areas are within the confines of the labia majora, which cover the genital opening. Further, Dr. Kylstra testified that these abnormalities are consistent with trauma to the vaginal area. Dr. Kylstra also testified that she found an abrasion on the victim's left medial perineum, also inside the genital opening.
 
 
 15
 Dr. Kylstra explained the location of these abnormalities during her testimony at trial and drew a rough diagram of the victim's genitalia for the jury. She further testified that the abrasion and erythematous could be indicators of sexual abuse. Based upon this evidence, and when considered in light of the defendant's statement that he put his hands inside the victim's pants, we conclude that a rational trier of fact could have found that the defendant digitally penetrated the victim's genital opening.
 
 
 16
 We also conclude that a rational jury could have found that Mr. Trujillo's digital penetration was done with the specific intent to abuse, humiliate, harass, degrade, or to arouse or gratify his sexual desires based upon the circumstances in which the act occurred: Mr. Trujillo laid on top of the victim when he was alone with her and put his hands inside her pants. Moreover, Mr. Trujillo admitted that he knew his actions were "wrong." We thus find that there was sufficient evidence to convict him of the crime of sexual abuse of a minor.
 
 
 17
 Mr. Trujillo next contends that the district court erred in failing to instruct the jury on specific intent. Under Fed.R.Crim.P. 30, "No party may assign as error any portion of the charge or omission therefrom unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which that party objects and the grounds of the objection." Because defendant made no objection to the instructions at the time of trial, the issue may be raised on appeal only under plain error standards. Fed.R.Crim.P. 52(b); United States v. Simmonds, 931 F.2d 685, 687 (10th Cir.), cert. denied, 112 S.Ct. 129 (1991); United States v. Glick, 710 F.2d 639, 643 (10th Cir.1983), cert. denied, 465 U.S. 1005 (1984). Plain error, in the context of jury instructions, must be "obvious or otherwise seriously affect[ ] the fairness, integrity or public reputation of the judicial proceedings." Simmonds, 931 F.2d at 687.
 
 
 18
 At trial, the following elements instruction was given:
 
 
 19
 For you to find the defendant guilty of an act of sexual abuse of a minor, as charged in the indictment, you must be convinced that the government has proved beyond a reasonable doubt:
 
 
 20
 One, that the defendant knowingly engaged in a sexual act with [the victim], identified in the indictment as Jane Doe.
 
 
 21
 Two, that at the time of the sexual act, [the victim] had attained the age of 12 years, but had not yet attained the age of 16 years.
 
 
 22
 Three, that the defendant was at least four years older than [the victim].
 
 
 23
 Four, that the incident occurred in Indian Country.
 
 
 24
 And five, that this happened within the State and District of New Mexico on or about November 6, 1991.
 
 
 25
 In addition, instruction fourteen defined the term "knowingly" as an "act done voluntarily and intentionally, and not because of mistake or accident or other innocent reason." Finally, instruction seven defined the term "sexual act" as "[t]he penetration, however slight, of the anal or genital opening of another by a hand or finger, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."
 
 
 26
 We conclude that the trial court's instructions correctly set forth the statutory elements for the crime of sexual abuse of a minor. The jury was instructed on all necessary elements of the crime charged, including the specific intent required for conviction.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The Honorable G. Thomaws Van Bebber, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 The perineum is within the confines of the labia majora, which cover the genital opening